IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**ROME KENDRICK,**

        **Plaintiff,**

v.                                          Case 2:21-cv-02699-SHL-cgc

**AMAZON,**

        **Defendant.**

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS
OR, IN THE ALTERNATIVE,
TO TRANSFER VENUE

Before the Court is Defendant Amazon's Motion to Dismiss or, in the Alternative, Transfer Venue filed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") #11). Pursuant to Administrative Order 2013-05, the instant motion is referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss be DENIED.

**I.  Factual Background**

On November 5, 2021, Plaintiff Rome Kendrick filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., and the Americans with Disabilities Act, 42 U.S.C. §§ 12112, *et seq*. (D.E. #1).[1] Plaintiff alleges that

---

[1] Before bringing suit in this Court, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (D.E. #1-1 at PageID 8). Therein, he alleged discrimination and retaliation on the basis of disability, but he did not allege discrimination on the basis of race or color. (*Id*.) The EEOC issued

1

he resides in Shelby County, Tennessee and that he was employed by Amazon in Byhalia, Mississippi. (*Id*.) He alleges that his employment was terminated and that he was retaliated against on the basis of his color ("Black") and disability ("eye sight"). (*Id*.) In the portion of the complaint form where Plaintiff is asked to state the facts of his case, he wrote "see attachments." (*Id*. ¶ 10 ).

Plaintiff's Exhibit 2 ("Plaintiff's Statement of Fact") contains a statement that he appears to have initially submitted to the EEOC during its investigative process. It discusses the following issues that arose during his employment with Amazon: (1) an April 2020 time-theft investigation; (2) Plaintiff's involvement in a May 2020 "altercation on the site"; (3) a July 2, 2020 workplace accident that resulted in an injury to Plaintiff's eye; (4) disputes regarding Plaintiff's job attendance and use of unpaid personal time from July 3, 2020 until July 9, 2020; and, (5) Plaintiff's alleged termination on July 9, 2020. (D.E. #1-2).[2]

On April 13, 2022, Defendant filed the instant motion pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Defendant asserts that all of the alleged events forming the basis of the Complaint occurred in Byhalia, Mississippi. As such, Defendant first requests that the Court dismiss the case pursuant to 28 U.S.C. §1406. In the alternative, Defendant requests

---

a Dismissal and Notice of Rights on August 12, 2021. (*Id*. at PageID 7).

[2] Generally, the Sixth Circuit and district courts within this circuit have rejected using attachments to the pleadings under Rule 10(c) as "evidentiary material" to add substantive allegations to a complaint. *Steverson*, 2019 WL 3822179, at *2 (citing *Copeland v. Aerisyn, LLC*, 1:10-cv-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (citing cases)). While Plaintiff's Statement of Fact that was originally filed with the EEOC was filed here as an attachment to the Complaint, it appears to the Court that he simply seeks to rely upon his already prepared statement in this Court as it is likewise responsive to Paragraph 10 of the *pro se* Complaint form. Thus, it has been treated as an attachment supplementing the *pro se* Complaint form rather than an evidentiary exhibit for purposes of this motion. However, Exhibits 3 and 4 contain e-mails and text messages that are strictly evidentiary in nature. As such, the Court has not relied upon these for purposes of this motion.

that the case be transferred to the United States District Court for the Northern District of Mississippi, Oxford Division because all of the events alleged in Plaintiff's Complaint occurred there.

On June 6, 2022, Plaintiff filed his Response in Opposition to the instant Motion. (D.E. #12). Therein, he argues that venue is proper in this District because he applied for a position in Tennessee but was placed in Mississippi "due to where the company needed assistance." (*Id*. at PageID 51). On May 20, 2022, Defendant filed its Reply. (D.E. #13). Defendant's Reply argues that Plaintiff's Response confirms that he was employed in Mississippi and that the acts giving rise to his Complaint occurred in Mississippi. Defendant further argues that, even if Plaintiff applied for a position in Tennessee, that would have no bearing on the venue analysis under § 1391(b) and § 1406(a).

**II.     Analysis**

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that the defense of improper venue may be raised by motion. The question of whether venue is proper is governed by 28 U.S.C. § 1391(b), which states that a civil action may be brought in one of the following districts: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

The plaintiff bears the burden of establishing that venue is proper once an objection to venue has been raised. *Costaras v. NBC Universal, Inc.*, 409 F. Supp. 2d 897, 906 (N.D. Ohio 2005) (citations omitted); *Kepler v. ITT Sheraton Corp.*, 860 F. Supp 393, 396 (E.D. Mich. 1994). When a case is brought in a district in which venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

Upon review, none of the events or omissions alleged in the Complaint occurred in the Western District of Tennessee. Further, there is no property that is the subject of this employment action. Accordingly, it is RECOMMENDED that venue would not be proper in this Court pursuant to 28 U.S.C. §1391(b)(2).

Turning to 28 U.S.C. § 1391(b)(1), the question becomes where Amazon, the sole defendant, is deemed to "reside." For venue purposes, a corporation "shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . ." 28 U.S.C. § 1391(c)(2).

Upon review, in its Rule 12 motion, Defendant has not asserted the defense of lack of personal jurisdiction pursuant to Rule 12(b)(2).[3] Rule 12(h) of the Federal Rules of Civil Procedure contains the following "strict waiver rule" for defenses listed in Rule 12(b)(2)-(5). *See Multilayer Stretch Cling Film Holdings, Inc. v. Malpack Ltd.*, No. 2:12-cv-02110-JPM-tmp, 2012

---

[3] In its Motion, Amazon does quote the § 1391 factors and briefly states that "Plaintiff filed his Complaint in a district that did not meet any of these alternatives" (*See* D.E. #11 at PageID 48); however, as its Motion was only filed pursuant to Rule 12(b)(3) and contains no discussion of whether this court has personal jurisdiction over it, it is RECOMMENDED that this brief citation to the statute that mentions personal jurisdiction in § 1391(b)(3) is insufficient to raise a challenge to the personal jurisdiction of this Court. This is particularly the case as it is RECOMMENDED that Amazon's failure to challenge personal jurisdiction is fatal under §1391(b)(1) without the need to reach the analysis under §1391(b)(3).

WL 13026764, at *4 (W.D. Tenn. Aug. 16, 2012). One circumstance where such defenses are deemed waived is if they are omitted from a motion "in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). Rule 12(g)(2) of the Federal Rules of Civil Procedure states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P 12(g)(2).

Our sister courts have considered whether personal jurisdiction is waived when a defendant files a Rule 12(b)(3) motion for improper venue but does not raise the defense of lack of personal jurisdiction in the same motion pursuant to Rule 12(b)(2). These courts have concluded that it is so waived. *See Centerville Alf, Inc. v Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1046-48 (S.D. Ohio 2002) ("Challenges to personal jurisdiction and to venue must be raised separately, and failure to raise challenges results in waiver of the defenses" under Rule 12(h)(1)); *Syl Johnson v. UMG Recordings, Inc.*, No. 3:17-cv-01548, 2018 WL 4111912, at *3-*5 (M.D. Tenn. Aug. 29, 2018) (same); *Twenty First Century Comm., Inc. v. Techradium, Inc.*, No. 2:09-cv-118, 2010 WL 3001721, at *4 (S.D. Ohio July 30, 2010) (same); *State of New York v. Am. Elec. Power Srv. Corp.*, No. 2:04CV1098, 2:05-CV-360, 2006 WL 8400390, at *2-*5 (S.D. Ohio Mar. 26, 2006) (same).

The *Centerville Alf* court explains that the requirement that a party raise both defenses is not a mere technicality because these challenges implicate entirely different interests—namely, the defense of lack of personal jurisdiction is one challenging the limits of judicial power and the defense of improper venue is one related to trial convenience and expedience. 197 F. Supp. 2d at 1047 (citations omitted). "With both personal jurisdiction and venue, a party may insist that the limitation be observed, or he may forgo that right, effectively consenting to the court's exercise

5

of adjudicatory authority."  *Id*. (citations omitted).

The *Centerville Alf* court further summarized the result of waiving a defense of personal jurisdiction on the determination of whether venue is proper for a corporate defendant under § 1391(b)(1) and § 1391(c)(2): "[I]f a corporate defendant is subject to personal jurisdiction in a judicial district, it is deemed to reside there for purposes of venue."  *Centerville Alf*, 197 F. Supp. 2d at 1048.  Otherwise stated, "not challenging personal jurisdiction in a motion to dismiss challenging venue concedes personal jurisdiction, which in turn establishes venue."  *Twenty First Century*, 2010 WL 3001721 at *4.

Accordingly, it is RECOMMENDED Defendant has waived its defense of lack of personal jurisdiction under Rules 12(h)(1)(A) and Rule 12(g)(2) by failing to raise it pursuant to Rule 12(b)(2).  As a result, it is RECOMMENDED that venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

### III.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue pursuant to Rule 12(b)(3) be DENIED.

**SIGNED** this 7th day of July, 2022.

                                           s/Charmiane G. Claxton
                                           CHARMIANE G. CLAXTON
                                           UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).   FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**