IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROME KENDRICK JR., | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:21-cv-02699-SHL-cgc |
| | ) |
| AMAZON, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation, filed on July 7, 2022. (ECF No. 15.) The Report recommends denying Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue ("Motion"). (ECF No. 10.) On July 21, 2022, Defendant filed an Objection to the Report. (ECF No. 16.) For the reasons stated below, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Defendant's Motion.

**BACKGROUND**

Before bringing suit in this Court, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 1-1 at PageID 8.) The EEOC issued a Dismissal and Notice of Rights on August 12, 2021, stating that it "will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit." (Id. at PageID 7.) On November 5, 2021, Plaintiff filed a pro se Complaint alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000(e), and the Americans

with Disabilities Act, 42 U.S.C § 12112.  (ECF No. 1.)  In his Complaint, Plaintiff states that he resides in Shelby County, Tennessee, and that Defendant employed him at a distribution center in Byhalia, Mississippi.  (ECF No. 1-1 at PageID 8.)  Plaintiff alleges, inter alia, that his employment was terminated and that he was retaliated against on the basis of his race and disability.  (ECF No. 1 at PageID 4.)

On April 13, 2022, Defendant, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, filed a Motion to Dismiss, or in the Alternative, Transfer Venue.  (ECF No. 10.)  In the Motion, Defendant argues that all of the alleged events forming the basis of the Complaint occurred in Byhalia, Mississippi, which is located within the United States District Court for the Northern District of Mississippi.  (ECF No. 11 at PageID 48.)  As such, Defendant requests that the Court dismiss the case or, in the alternative, transfer the case to the Northern District of Mississippi.  (Id. at PageID 48-49.)

Plaintiff filed a Response in Opposition, arguing that venue is proper in this District because he applied for a position in Tennessee, but that Defendant placed him in Mississippi "due to where the company needed assistance, not at the request of the Plaintiff."  (ECF No. 12 at PageID 51.)  Defendant's Reply argues that Plaintiff's Response confirms that he was employed in Mississippi and that the alleged events giving rise to the Complaint occurred solely in Mississippi.  (ECF No. 13 at PageID 55.)  Defendant also contends that whether Plaintiff applied for a position in Tennessee has no bearing on the question of venue.  (Id.)

**REPORT AND RECOMMENDATION**

The Magistrate Judge began her analysis by noting that the question of proper venue is governed by 28 U.S.C. § 1391, which states that a civil action may be brought in one of the following districts: (1) a judicial district in which any defendant resides, if all defendants are

residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or, (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Magistrate Judge agreed with Defendant that none of the events alleged in the Complaint occurred in this District, such that venue would not be proper under § 1391(b)(2). (ECF No. 15 at PageID 61.) However, the Magistrate Judge recommended that venue would be proper under § 1391(b)(1) because Defendant waived the defense of lack of personal jurisdiction by failing to raise it in its 12(b)(3) Motion to Dismiss. (Id.) The Magistrate Judge explained that, in its Motion, Defendant quotes the three prongs of § 1391(b) and states that "Plaintiff filed Complaint in a district that did not meet any of these alternatives." (ECF No. 11 at PageID 48.) However, the Motion contained no discussion of whether the Court has personal jurisdiction over Defendant. (ECF No. 15 at PageID 61, n.3.) Drawing on Sixth Circuit caselaw, the Magistrate Judge found that Defendant's brief citation to the statute that mentions personal jurisdiction in § 1391(b)(3) is insufficient to challenge personal jurisdiction. (Id. at PageID 62-63.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the denial or grant of dispositive motions. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only

3

those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Here, Defendant objects to the Magistrate Judge's conclusion that they did not assert the defense of lack of personal jurisdiction pursuant to Rule 12(b)(2), thereby rendering venue proper under 28 U.S.C. § 1391(b)(1).  (ECF No. 16 at PageID 68.)  First, Defendant contends that they did properly raise a defense of lack of personal jurisdiction by quoting § 1391(b) and stating that "Plaintiff filed Complaint in a district that did not meet any of these alternatives." (Id.)  Defendant also argues that the Court had all the facts necessary to readily conclude that they are not subject to personal jurisdiction in this district.  (Id. at PageID 68-69.)  Both Parties assert that Defendant is headquartered in Washington State, such that Defendant would not be subject to general personal jurisdiction in Tennessee.  And, as set forth in Defendant's Motion and acknowledged by the Magistrate Judge, none of the events at issue took place in Tennessee such that Defendant argues that it would not be subject to specific personal jurisdiction.  Based on these readily available facts, Defendant contends that the Magistrate Judge erred in finding that they waived a defense of lack of personal jurisdiction.  Defendant concludes that the Magistrate Judge "elevates form over substance in search of 'magic words'."  (Id. at PageID 69.)

Defendant's objections do not convince the Court that the Magistrate Judge erred in concluding that Defendant waived its defense of lack of personal jurisdiction, such that venue is proper.  As cited by the Magistrate Judge in her Report, several district courts in the Sixth Circuit have held that personal jurisdiction is waived when, as in this case, a defendant files a Rule 12(b)(3) motion for improper venue but does not raise the defense of lack of personal jurisdiction in the same motion, pursuant to Rule 12(b)(2).  (ECF No. 15 at PageID 62.)

For example, in Centerville Alf, Inc. v. Balanced Care Corp., 197 F. Supp. 2d 1039, 1047 (S.D. Ohio 2002), the Southern District of Ohio explained that challenges to personal jurisdiction and venue must be raised separately, and failure to raise challenges results in waiver of the defenses under Rule 12(h)(1).  Several other of our sister courts have dealt with the issue and reached the same conclusion.  See Syl Johnson v. UMG Recordings, Inc., 2018 WL 4111912 (M.D. Tenn. Aug. 29, 2018); Sazerac Co. v. Intercontinental Packaging Co., 2014 WL 12726640 (W.D. Ky. June 6, 2014); Mid-West Materials, Inc. v. Tougher Indus., 484 F. Supp. 2d 726 (N.D. Ohio 2007).  See also Rauch v. Day & Night Mfg. Corp., 576 F.2d 697 (6th Cir. 1978) (defendant waived right to challenge for lack of personal jurisdiction by challenging for violation of the statute of limitations without explicitly challenging personal jurisdiction).

While Defendant views the Magistrate Judge's Report as searching for "magic words," Rule 12(h)(1) makes clear that a party who wishes to raise a defense challenging personal jurisdiction must explicitly do so in their first Rule 12 motion.  Defendant failed to do so here.  Thus, the Court **ADOPTS** the Magistrate Judge's Report and **DENIES** Defendant's Motion to Dismiss.

**IT IS SO ORDERED**, this 3rd day of October, 2022.

                                            s/ Sheryl H. Lipman
                                            SHERYL H. LIPMAN
                                            UNITED STATES DISTRICT JUDGE