IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ROME KENDRICK,**

      **Plaintiff,**

v.                                                        Case 2:21-cv-02699-SHL-cgc

**AMAZON,**

      **Defendant.**

---

REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION FOR JUDGMENT ON THE PLEADINGS

---

Before the Court is Defendant Amazon's ("Amazon")[1] Motion for Judgment on the Pleadings (Docket Entry ("D.E." #34) filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Judgment on the Pleadings be GRANTED.

I.     Factual Background

    a.   Plaintiff's Complaint

On November 5, 2021, Plaintiff Rome Kendrick filed a *pro se* Complaint stating that Amazon violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.* (D.E. #1).

---

[1] Defendant states that it has been incorrectly named as "Amazon" and that the correct title of its business is Amazon.com Services, LLC; however, the Court continues to refer to Defendant's entity name as listed on the docket.

Specifically, Plaintiff alleges that he was employed by Amazon but that his employment was terminated and he was retaliated against on the basis of his color ("Black") and disability ("eye sight"). (*Id*. ¶¶ 6, 9) He alleges that the discriminatory acts occurred on July 6 and July 9, 2020. (*Id*. ¶ 7). In the portion of the complaint form where Plaintiff is asked to state the facts of his case, he wrote "see attachments." (*Id*. ¶ 10 ).

Exhibit 2 to Plaintiff's Complaint ("Plaintiff's Statement of Fact") contains a statement that he appears to have initially submitted to the EEOC during its investigative process. It discusses the following issues that arose during his employment with Amazon: (1) an April 2020 time-theft investigation; (2) Plaintiff's involvement in a May 2020 "altercation on the site"; (3) a July 2, 2020 workplace accident that resulted in an injury to Plaintiff's eye; (4) disputes regarding Plaintiff's job attendance and use of unpaid personal time from July 3, 2020 until July 9, 2020; and, (5) Plaintiff's alleged termination on July 9, 2020. (D.E. #1-2).[2]

### b. Plaintiff's EEOC Charge of Discrimination

Before bringing suit in this Court, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (D.E. #1-1 at PageID 8). Therein, he alleged discrimination and retaliation on the basis of disability, but he did not allege discrimination or

---

[2] Generally, the Sixth Circuit and district courts within this circuit have rejected using attachments to the pleadings under Rule 10(c) as "evidentiary material" to add substantive allegations to a complaint. *Steverson*, 2019 WL 3822179, at *2 (citing *Copeland v. Aerisyn, LLC*, 1:10-cv-78, 2011 WL 2181497, at *1 (E.D. Tenn. June 3, 2011) (citing cases)). While Plaintiff's Statement of Fact that was originally filed with the EEOC was filed here as an attachment to the Complaint, it appears to the Court that he simply seeks to rely upon his already prepared statement in this Court as it is likewise responsive to Paragraph 10 of the *pro se* Complaint form. Thus, it has been treated as an attachment supplementing the *pro se* Complaint form rather than an evidentiary exhibit for purposes of this motion. However, Exhibits 3 and 4 contain e-mails and text messages that are strictly evidentiary in nature. As such, the Court has not relied upon these for purposes of this motion.

retaliation on the basis of race or color. (*Id*.) The EEOC issued a Dismissal and Notice of Rights on August 12, 2021. (*Id*. at PageID 7).

### c. Motion for Judgment on the Pleadings

On February 27, 2023, Amazon filed the instant Motion for Judgment on the Pleadings. Therein, Amazon argues that Plaintiff failed to exhaust his administrative remedies on both his Title VII discrimination and retaliation claims.[3] Thus, it asserts that these claims are subject to dismissal.[4]

On March 27, 2023, Plaintiff filed his Response to Amazon's Motion for Judgment on the Pleadings. (D.E. #36). Plaintiff argues that he was not required to check the "race" box on the EEOC Charge of Discrimination to pursue this case. Specifically, he states that the "full basis" for his Complaint is that Amazon terminated Plaintiff's employment after a "workplace incident" and that Plaintiff signed "legal documents for worker's compensation."

On April 3, 2023, Amazon filed its Reply to Plaintiff's Response to its Motion for Judgment on the Pleadings. (D.E. #37). Therein, it argues that its Motion for Judgment on the Pleadings should be granted based upon Plaintiff's failure to respond to the substantive legal arguments contained therein.

---

[3] In the alternative, Amazon argues that Plaintiff failed to state a claim for Title VII retaliation upon which relief may be granted because he did not plead, and cannot plead, that he engaged in protected activity. As it is RECOMMENDED herein that Plaintiff failed to exhaust his administrative remedies such that this Complaint must be dismissed on that basis, this Report and Recommendation has not considered this issue.

[4] The instant motion does not request judgment on the pleadings as to Plaintiff's ADA claims.

## II.  Legal Standards

### a. Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure states that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions are reviewed under "the same . . . standard applicable to motions to dismiss under Rule 12(b)(6)," *Grindstaff v. Green*, 133 F.3d 416, 420 (6th Cir. 1998), which provides that a claim may be dismissed for failure to state a claim upon which relief may be granted.

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550

4

U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

  b. **Title VII**

Under Title VII, discrimination or retaliation of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). Before pursuing a Title VII claim in federal court, a plaintiff must exhaust his administrative remedies. *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). "Federal courts do not have subject matter jurisdiction to hear Title VII claims unless the claimant explicitly files the claim in an EEOC

5

charge or the claim can reasonably be expected to grow out of the EEOC charge." *Abeita v. TransAmerica Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998).[5] These strict procedural requirements may not be set aside simply because the litigant is proceeding without the assistance of counsel and may be unfamiliar with them. *Askew v. Stone*, No. 94-2153, 1996 WL 135024, at *3 (6th Cir. 1996); *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984).

To determine whether a plaintiff exhausted his administrative remedies, the Sixth Circuit applies the "expected scope of investigation test." *Spengler v. Worthington Cylinders*, 615 F.3d 481, 490 (6th Cir. 2010). This test states that the complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination. *Tartt v. City of Clarksville*, 149 Fed. Appx. 456, 461 (6th Cir. 2005) (citing *Wiegel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 380 (6th Cir. 2002)). Thus, if the EEOC charge could lead the EEOC to investigate a different, uncharged claim, the plaintiff would not be precluded from bringing suit on that claim in federal court. *Younnis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (citing *Davis v. Sodexho*, 157 F.3d 460, 463 (6th Cir. 1998)).

With respect to the specific boxes on the EEOC charge form that allow a plaintiff to indicate the basis for the discrimination or retaliation, the Sixth Circuit has held that failing to check a specific box is not dispositive of whether he exhausted his administrative remedies. *Dixon v. Ashcroft*, 392 F.3d 212, 217 (6th Cir. 2004). Instead, a plaintiff must still satisfy the "expected scope of investigations test" by alleging "sufficient facts in his . . . EEOC complaint to put the

---

[5] Post-charge retaliation claims are excepted from this requirement, *Abeita*, 159 F.3d at 254; however, to the extent that Plaintiff has properly plead a retaliation claim, neither the Complaint nor the accompanying "Plaintiff's Statement of Fact" raises any allegations about conduct that occurred after July 2020, and the EEOC Charge was not filed until November 23, 2020.

EEOC on notice of the other claim even though the plaintiff failed to check the appropriate box on the EEOC's complaint form." *Spengler*, 615 F.3d at 490 (citing *Dixon*, 392 F.3d at 217).

### III. Proposed Analysis

At the outset, Amazon argues that its motion should be granted because Plaintiff failed to respond to the substantive arguments raised therein. While it is true that Plaintiff failed to do so, the Court is nonetheless required to "conclude beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," regardless of whether he responded to a motion seeking dismissal. *See Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006) (citation and internal quotations omitted). Thus, despite Plaintiff's failure to respond to the merits of Amazon's arguments, the Court will address whether he exhausted his administrative remedies such that he may pursue his Title VII discrimination and retaliation claims in this Court.

Applying the expected scope of investigation test here, Plaintiff's EEOC Charge not only fails to check the boxes for discrimination or retaliation on the basis of race or color, but it also does not make any reference to Plaintiff's race or color or allege that any unlawful treatment was motivated by those factors. While Plaintiff cursorily mentions that he believes that Amazon violated Title VII, he does so after explicitly stating that he is alleging discrimination and retaliation on the basis of disability, which is not covered by Title VII. Further, merely invoking Title VII without providing "sufficient facts" to put the EEOC on notice of a claim for discrimination or retaliation on the basis of race or color does not satisfy the requirement that his administrative remedies be exhausted on such claims. Thus, it is RECOMMENDED that Plaintiff's Title VII discrimination and retaliation claims are subject to dismissal.

Additionally, Amazon asserts that the dismissal of these claims be with prejudice because the applicable time to file any charge with the EEOC has run. Upon review, Title VII requires that charges of discrimination that are filed with the EEOC must be filed within 180 days of when the discriminatory act occurred. 42 U.S.C. § 2000e-5(e)(1). Plaintiff's Complaint contains allegations of conduct that occurred on or before July 9, 2020, which is more than 180 days before the present date. Accordingly, it is RECOMMENDED that Plaintiff's Title VII discrimination and retaliation claims be DISMISSED WITH PREJUDICE.

### IV.   Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Judgment on the Pleadings on Plaintiff's Title VII discrimination and retaliation claims be GRANTED.

**SIGNED** this 29th day of June, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**