IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**ROME KENDRICK,**

      **Plaintiff,**

v.                                             Case 2:21-cv-02699-SHL-cgc

**AMAZON,**

      **Defendant.**

---

### REPORT AND RECOMMENDATION ON DEFENDANT'S
### MOTION FOR SANCTIONS, OR TO DISMISS FOR FAILURE TO PROSECUTE

---

Before the Court is Defendant Amazon's ("Amazon")[1] Motion for Sanctions or to Dismiss for Failure to Prosecute (Docket Entry ("D.E." #56) filed pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Sanctions be GRANTED.

On November 5, 2021, Plaintiff Rome Kendrick filed a *pro se* Complaint stating that Amazon violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, *et seq.* (D.E. #1). In an order granting Amazon's motion for judgment on the pleadings, U.S. District Judge Sheryl H.

---

[1] Defendant states that it has been incorrectly named as "Amazon" and that the correct title of its business is Amazon.com Services, LLC; however, the Court continues to refer to Defendant's entity name as listed on the docket.

Lipman dismissed with prejudice Plaintiff's Title VII discrimination and retaliation claims for failure to exhaust his administrative remedies, leaving only his ADA claim. (D.E. # 53)

On April 26, 2023, Amazon filed a motion to compel Plaintiff's discovery responses. (D.E. # 38) Specifically, Plaintiff failed to respond to requests for production of documents and did not answer certain interrogatories. Plaintiff did not respond to the motion. The motion was set for a hearing on July 7, 2023. (D.E. # 46) Plaintiff did not appear at the hearing nor did he request that the hearing be rescheduled. (D.E. # 48) An Order was entered granting the motion to compel, ordering Plaintiff to produce all responsive documents within fourteen (14) days of entry of the order and warning Plaintiff that failure to comply with the order could "result in sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A) up to and including dismissal of his lawsuit." (D.E. # 51)

On August 25, 2023, Amazon filed the instant motion. In it, Amazon argues that several documents that Plaintiff had referenced in previous communications were not produced by Plaintiff even after Amazon notified Plaintiff of the deficiency. (D.E. # 56, PageID 243) Further, Amazon argues that Plaintiff has not been cooperative in scheduling Plaintiff's deposition prior to the close of discovery. Amazon urges dismissal for failure to cooperate in discovery pursuant to Rule 37 or for failure to prosecute pursuant to the court's inherent authority. Plaintiff responded that the discovery requests were redundant in that Amazon already had the requested documents and that he has been willing to have his deposition taken. (D.E. # 57)

At the September 19, 2023 hearing on the motion, counsel for Amazon provided letters and emails that were sent to Plaintiff informing him that the response to the request for production of documents was unsatisfactory because, even if the documents had been provided to Amazon, Plaintiff did not identify to which request for production the particular documents were responsive. (D.E. # 56-1, 59-1) Plaintiff did not respond to those communications or the emails requesting

2

dates that Plaintiff would be available for deposition. Plaintiff stated that he did not understand that he would be required to produce documents that he had already provided to Amazon and that some of the emails that Amazon's counsel sent to him went to spam therefore he did not know that they were awaiting a response.

Fed. R. Civ. P. 37(b) authorizes sanctions for the failure to comply with a discovery order up to and including dismissal of the action. Plaintiff chose not to appear at the duly noticed motion hearing where he could have had any questions about compliance with the order compelling production answered. Even when Amazon informed Plaintiff that his production was not compliant, Plaintiff failed to take corrective action to comply with the order. The order warned Plaintiff that further failure to comply could result in dismissal.

It is recommended that dismissal is alternatively appropriate under the Court's inherent authority. In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.

It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting his case. Plaintiff's status as a *pro se* plainiff does not shield him from his obligation to participate in discovery and to obey the orders of the Court. Plaintiff has not meaningfully participated discovery in that he has not responded to attempts to schedule his deposition. Defendants have been

3

prejudiced in that it will be unable to prepare an effective defense without complete discovery from Plaintiff.  As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff.  The Motions to Dismiss and Order Granting Defendants' Motion to Compel made it clear that dismissal the case was under consideration by the Court.  Plaintiff had an opportunity to comply with the Order to Compel, participate in discovery and possibly avoid dismissal.  Plaintiff has not complied with the Court's orders and has failed to meaningfully participate in the case.  Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, the Court RECOMMENDS that the Motion to Dismiss be GRANTED and Plaintiff's Complaint be involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P. 37 or alternatively, pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** this 23rd day of October, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**