**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROME KENDRICK JR., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-02699-SHL-cgc |
| | ) | |
| AMAZON, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and

Recommendation (the "R&R"), filed on October 23, 2023.  (ECF No. 63.)  The R&R

recommends granting Defendant Amazon's Motion for Sanctions, Including Dismissal, or in the

Alternative, Motion to Dismiss for Failure to Prosecute.  (ECF No. 55.)  On November 6, 2023,

pro se Plaintiff Rome Kendrick, Jr., filed objections to the R&R.  (ECF No. 64.)  Amazon

responded to the objections on November 13, 2023.  (ECF No. 65.)  As is articulated more fully

herein, the Court **ADOPTS** the R&R, **GRANTS** Amazon's motion and **DISMISSES** the case.

## BACKGROUND

This is the third Report and Recommendation before the Court in this matter, which

involves allegations that Amazon discriminated against Kendrick in his employment with the

company.[1]  On October 3, 2022, the Court adopted Judge Claxton's first Report and

---

[1] The underlying facts are detailed in Judge Claxton's original Report and
Recommendation (ECF No. 15 at PageID 58–60) and in this Court's Order adopting it (ECF No.
17 at PageID 71–72).  Given those previous summaries, along with the fact that the motion now
before the Court addresses procedural deficiencies rather than disputes over the factual

Recommendation denying Amazon's motion to dismiss or transfer.  (ECF No. 17.)  On August 8, 2023, the Court adopted Judge Claxton's second Report and Recommendation after Kendrick agreed with her conclusion that his Title VII discrimination and retaliation claims should be dismissed with prejudice for failure to exhaust his administrative remedies as to those claims. (ECF No. 53.)  The adoption of that Report and Recommendation meant that Kendrick's only surviving cause of action was his claim that Amazon discriminated against him under the Americans with Disabilities Act.

Against the backdrop of this motion practice, the parties were engaging in discovery. Amazon took issue with Kendrick's discovery responses and filed a motion to compel on April 21, 2023, asserting that his responses to three interrogatories were inadequate and incomplete.  (ECF No. 38 at PageID 150–51.)  On April 26, Kendrick filed a document titled Plaintiff's Second Response to Defendant's First Set of Interrogatories and Request for Production of Documents.  (ECF No. 41.)  Judge Claxton held a hearing on Amazon's motion to compel on July 7, 2023, which Kendrick did not attend.  (ECF No. 48.)  Judge Claxton granted the motion to compel and, on July 21, ordered Kendrick to remedy the deficient discovery responses within fourteen days, providing him with specific instructions as to how he must remedy the deficiencies.  (ECF No. 51.)  Judge Claxton concluded the order with the following boldfaced admonition:

**PLAINTIFF IS WARNED THAT FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN SANCTIONS AS SET FORTH IN FED. R. CIV. P. 37(b)(2)(A), UP TO AND INCLUDING THE DISMISSAL OF HIS LAWSUIT.**

(Id. at PageID 233.)

---

allegations in the complaint, the Court does not recapitulate the allegations from Kendrick's complaint here.

Kendrick filed a notice on August 8, 2023, informing the Court that he had submitted his discovery responses to Amazon on July 27, 2023.  (ECF No. 52.)  On August 25, Amazon filed two documents.  The first was a notice that explained that, despite Kendrick's contentions to the contrary, he "has failed to submit his complete discovery responses in compliance with this Court's Order Granting Amazon's Motion to Compel."  (ECF No. 54 at PageID 238.)  The notice hinted at the myriad ways Kendrick's supplemental production was still deficient.

Amazon's second filing, a Motion for Sanctions, Including Dismissal, or, in the Alternative, Motion to Dismiss for Failure to Prosecute, and its accompanying memorandum, elaborated on the deficiencies and detailed the efforts Amazon—and the Court—had taken to ensure Kendrick's compliance with his obligations in prosecuting his case.  (ECF Nos. 55 & 56.) Amazon argued that Kendrick's failure to sufficiently supplement his discovery responses flouted this Court's orders, warranting dismissal under Federal Rule of Civil Procedure 37(b)(2)(A)(v), which allows for dismissal of actions when parties fail to obey an order to provide or permit discovery.  (ECF No. 56 at PageID 244–45.)  Alternatively, Amazon argued that the ongoing deficiencies in Kendrick's discovery responses warranted dismissal under Federal Rule of Civil Procedure 41(b), which allows for a defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."

Judge Claxton held a hearing on Amazon's motion on September 19, 2023 (ECF No. 60), and, on October 23, 2023, issued the R&R recommending granting the motion.  (ECF No. 63). In her R&R, Judge Claxton recommended that Kendrick's case be involuntarily dismissed with prejudice under either Federal Rule of Civil Procedure 37 for failure to participate in discovery after having been ordered to do so, or, alternatively, pursuant to the Court's inherent authority under Rule 41(b) based on Kendrick's failure to prosecute his case.

On November 21, 2023, this Court entered an Order Directing Plaintiff to Provide Discovery and to Schedule His Deposition, explaining that it would "hold in abeyance its ruling on the R&R for the moment, and will give Kendrick one final chance to prosecute his case and to comply with his discovery obligations and his obligations outlined in this Court's orders." (ECF No. 66 at PageID 295.)  The Court gave Kendrick fourteen days to comply with the Order and explained that, "[i]f Kendrick fails again to provide Amazon with the discovery in the format described above by his deadline to do so, or fails to make himself available to be deposed within the above timeframe,[2] the Court will adopt the R&R in its entirety and dismiss Kendrick's complaint with prejudice." (Id. at PageID 296.)  The Court explained that Kendrick would receive no additional extensions of time and instructed Amazon to file a notice with the Court if he missed any of the deadlines. (Id.)

On December 12, 2023, Kendrick filed a notice, with attachments, stating that he had provided Amazon with additional discovery. (ECF No. 67.)  After the Court granted Amazon's motion to file its response notice under seal (ECF No. 70), Amazon filed a notice and attachments on January 2, 2024, detailing the many ways in which Kendrick's most recent production remains deficient. (See ECF Nos. 71 & 72.)  Specifically, Amazon asserts that Kendrick's latest production includes documents that appear to be similar to those he earlier produced, but are actually different, highlighting the fact that these documents should have been previously produced.  In addition, Amazon asserts that Kendrick has repeatedly failed to produce several documents that the Court previously required him to produce.

Ultimately, Amazon asserts that, given Kendrick's repeated failures to remedy the deficiencies that have plagued his productions, and the nine-month odyssey it has embarked on

_____

[2] The record is unclear as to whether the parties agreed on a date for Kendrick's deposition.

attempting to get him to follow the Federal Rules and this Court's orders, the Court should now adopt Judge Claxton's R&R in its entirety and dismiss Kendrick's case with prejudice.

On January 26, 2024, Kendrick, without leave of Court, filed a response to Amazon's January 2 notice.  (ECF No. 73.)  There, he asserts that he "has done a full dive into all his tangible files and has furnished the files and given them to the Defendant."  (Id. at PageID 719.) His response describes sixteen different categories of documents that Amazon has previously requested and explains several different ways in which he has produced responsive documents over time, as well as other explanations for his previous—and in some instances, continuing— inability to produce documents responsive to Amazon's requests.

Amazon replied to Kendrick's response on January 31, 2024, asserting that the filing should be stricken as untimely and, in any event, its substance reveals that Kendrick has repeatedly failed to produce documents consistent with his obligations under the Federal Rules of Civil Procedure and this Court's orders, which "hampers Amazon and this Court's ability to assess and adjudicate this matter effectively."  (ECF No. 74 at PageID 728.)  Amazon asserts that Kendrick "*still* has not complied with this Court's Orders," and re-asserts that the Court should adopt Judge Claxton's R&R and dismiss the complaint with prejudice.  (Id. at PageID 733.)

## LEGAL STANDARD

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for the denial or grant of dispositive motions.  28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017).  A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the

rest are reviewed for clear error.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  "[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." United States v. Ombisi, No. 2:21-cr-20011-MSN-cgc, 2022 WL 3704078, at *1 (W.D. Tenn. Aug. 26, 2022) (quoting Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)).  "[G]eneral objections have the 'same effects as would a failure to object.'" Austin v. Camping World of Memphis, No. 2:21-cv-02541-TLP-cgc, 2023 WL 1880129, at *5 (W.D. Tenn. Feb. 10, 2023) (quoting Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991)).

## ANALYSIS

As an initial matter, to the extent that Kendrick objects to the Magistrate Judge's conclusion that his case should be dismissed, the objection lacks the sort of specificity warranting de novo review.   Kendrick asserts that, following Judge Claxton's July 21, 2023 Order that required him to supplement his discovery responses, he "complied . . . to the best of his ability and submitted these documents" and has taken no "willful act[s] . . . to evade the Defendant, nor to prolong proceedings."   (ECF No. 64 at PageID 283.)  He further argues that, "[a]s it stands, the Plaintiff was still unlawfully treated by the Defendant in the termination of his employment with him," and asks that, if the case "must be dismissed, the Plaintiff requests that it does so without prejudice."  (Id.)

Given Kendrick's general objections, the Court reviews Judge Claxton's R&R for clear error and finds none.  Kendrick's repeated failures to abide by his discovery obligations and this Court's orders warrant dismissal under both Federal Rule of Civil Procedure 37 and 41(b).

The Court's analysis does not end there, however, as it gave Kendrick one final chance to remedy the discovery deficiencies identified in Judge Claxton's R&R.  (See ECF No. 66 at PageID 295.)  The Court placed the burden on Kendrick to provide Amazon the documents that it had previously requested within three weeks, described the form the production should take, and warned him that, if he failed to do so, the Court would adopt the R&R in its entirety and dismiss Kendrick's complaint with prejudice.  (Id. at PageID 296.)  Given that Kendrick provided additional materials in response to the Court's Order after the R&R was entered, the Court reviews the R&R de novo, taking into consideration Kendrick's additional attempts to comply with his discovery obligations.  Unfortunately, however, that review reveals that Kendrick's discovery obligations remain unfulfilled.  The end result is that Amazon is faced with the burden of making sense out of an incomplete, yet ever-expanding universe of documents that are rife with contradictions and only serve to muddle, rather than illuminate, the issues that form the basis of the discovery dispute.

As a starting point, Kendrick's recent production appears to include several of the same illegible documents from his earlier productions, rendering them, in effect, non-responsive. Beyond this, the documents Kendrick produced in response to the Court's most recent Order vary significantly in several respects from the documents that he had previously produced and that the Court has ordered him to produce multiple times.

For instance, Kendrick's February 2023 production included a financial disclosure affidavit, apparently for a child support proceeding in New York that he acknowledges was incomplete.  (ECF No. 73 at PageID 720–21.)  Rather than submit the complete document in his December 2023 production, Kendrick appears to have submitted a similar financial disclosure affidavit that he completed for what appears to be a different proceeding.  (ECF No. 72 at

PageID 497–98.)  Kendrick asserts that "[u]pon inspection of both documents, the job information was the same."  (ECF No. 73 at PageID 721.)  Kendrick's assertion that the documents contained the same or similar information, however, does not remedy the fact that he still has not provided Amazon the complete version of the earlier set of documents.  Documents like these, which relate to Kendrick's finances, are relevant, and were requested by Amazon.  He was required to produce them and has not, despite being given several opportunities to do so.

Kendrick's December 2023 production also entirely omits documents that he previously produced in either incomplete or unreadable formats despite being ordered to remedy these deficiencies.  Further, he asserts multiple times in his response that, although the documents he submitted in December 2023 were different than those he submitted in February 2023, the new documents address the same type of information that was contained in the previous production.  (See, e.g., ECF No. 73 at PageID 722 (addressing past balances due to the Mahoning County, Ohio, Child Support Enforcement Division); id. at PageID 722–23 (addressing amounts owed to Memphis Light, Gas and Water).)  These newly produced documents appear to be within the scope of those that Amazon sought through its discovery requests, thus Kendrick's delayed production of those documents is problematic.

The Court did hold in abeyance its ruling on the R&R to allow Kendrick to produce any previously unproduced responsive documents so that discovery in the case could finally be completed.  In fact, it ordered him to do so.  (See ECF No. 66 at PageID 296 (directing Kendrick to provide Amazon with "any . . . previously unproduced documents that are responsive to Amazon's previously issued discovery requests").)  But the additional opportunity was not meant to allow the repeated ongoing deficiencies that have plagued Kendrick's productions from the onset of this litigation, and that continued unabated when the Court granted him a final

opportunity to remedy those deficiencies.  As described below, and for many of the same reasons articulated by Judge Claxton in her R&R, dismissal is appropriate under both Federal Rules of Civil Procedure 37 and 41(b).

Under Rule 37(b), failure to "obey an order to provide or permit discovery" may result in sanctions, which can include dismissing the action or proceeding in whole or in part.  Cooper v. Shelby Cnty., Tenn., No. 2:07-2283-STA-cgc, 2010 WL 1050268, at *3 (W.D. Tenn. Feb. 16, 2010), report and recommendation adopted, 2010 WL 1050254 (W.D. Tenn. Mar. 22, 2010) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii)).  At the same time, Federal Rule of Civil Procedure 41(b) "gives courts the authority to dismiss a case for failure of the plaintiff to prosecute or to comply with these rules or any order of the court.  This measure is available to [a] district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  Patterson v. Marine, No. 2:22-CR-2300-SHL-atc, 2023 WL 9209579, at *1 (W.D. Tenn. July 7, 2023), reconsideration denied, 2024 WL 130406 (W.D. Tenn. Jan. 11, 2024) (quoting Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362-63 (6th Cir. 1999)).

Courts consider four factors when determining whether dismissal is proper under either Rule 37(a) or Rule 41(b): "(1) whether the party's failure was the result of willfulness, bad faith, or fault; (2) whether the opposing party suffered prejudice due to the party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."  Cooper, 2010 WL 1050268, at *3 (collecting cases that stand for the proposition that the factors courts consider under Rules 37 and 41 are largely the same).  Here, all of the factors weigh in favor of dismissal of Kendrick's complaint.

As to the first factor, although it is not clear that Kendrick's failures are due to willfulness or bad faith, they are clearly his fault.  Satisfying this factor requires that a plaintiff's conduct "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." Patterson, 2023 WL 9209579, at *1 (quoting Wu v. T.W. Wang, Inc., 420 F.3d 641, 643 (6th Cir. 2005)).  As a pro se Plaintiff, Kendrick may be unfamiliar with the intricacies of the discovery process, but that does not excuse his repeated failures to fulfill his obligations under the Federal Rules of Civil Procedure and to comply with this Court's orders.  See Church, 2022 WL 17475780, at *4 (collecting cases that support the proposition that, "[w]here, as here, a pro se litigant has shirked his discovery obligations, dismissal is particularly appropriate.")  Kendrick's repeated delays demonstrate a reckless disregard for the effect that his conduct has had on these proceedings.

Amazon has also been prejudiced by Kendrick's conduct, as it has "wasted time, money and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." Patterson, 2023 WL 9209579, at *1 (quoting Schafer, 529 F.3d at 737).  This second factor also weighs in favor of dismissal.

The third factor, prior notice, contemplates whether the court "put the derelict parties on notice that further noncompliance would result in dismissal." Id. (quoting Schafer, 529 F.3d at 738).  As noted above, both the undersigned and Judge Claxton have warned Kendrick repeatedly, clearly, and at times in bold-faced, capital letters, that his failure to live up to his discovery obligations and to abide by the Court's orders would result in his case being dismissed with prejudice.  (See, e.g., ECF No. 51 at PageID 233; ECF No. 66 at PageID 296.)  Kendrick was sufficiently warned, which weighs in favor of dismissal.

Finally, the fourth factor, whether less drastic sanctions were imposed or considered, also weighs in favor of dismissal.  Kendrick's failures to participate in the prosecution of his case include his failure to attend hearings and his repeated failures to provide Amazon the documents and information that he is required to provide as a party to this case.  At this point, the integrity of the pretrial process would not be protected by any alternative sanction.  See United States ex rel. Oakes v. Cinnaire, No. 20-1067, 2023 WL 5095977, at *4 (6th Cir. Aug. 9, 2023), reh'g denied, 2023 WL 5746871 (6th Cir. Aug. 29, 2023) (finding that "the district court was reasonable in concluding that no other sanction would be effective" for reasons that included a determination that plaintiff's "demonstrated unresponsiveness to the court's admonitions certainly qualifies as 'contumacious conduct.'")  The fourth factor weighs in favor of dismissal.

As the foregoing illustrates, and as the R&R articulates, each of the four factors weighs in favor of dismissal.  Kendrick's most recent unsuccessful attempt to remedy the discovery deficiencies does not alter that analysis.  The history of this case, which has been pending since November 2021, does not suggest that it would be fruitful to give Kendrick another opportunity to fix the issues, both old and new, in his most recent production.  Therefore, the Court **ADOPTS** the Magistrate Judge's R&R, **GRANTS** Amazon's Motion for Sanctions, Including Dismissal, or in the Alternative, Motion to Dismiss for Failure to Prosecute, and **DISMISSES** Kendrick's claims **WITH PREJUDICE**.

**IT IS SO ORDERED**, this 15th day of February, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE